UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLUIS E. WILSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VANCE RAYE, et al.,<br><br>　　　　Defendants, | No. 2:19-cv-1754 MCE DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Nicoluis Wilson is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2 & 5.) Therein, plaintiff complains about the removal of a minor from the home of plaintiff's mother.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's amended complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's amended complaint be dismissed without further leave to amend.

////

////

I.      **Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.   Plaintiff's Amended Complaint

According to the amended complaint's allegations, plaintiff resided in the home of Rebecca Green, plaintiff's mother, in December of 2016, when Green became the foster parent of minor A.M. (Am. Compl. (ECF No. 5) at 4.[1]) "Throughout the year of 2017, as consideration was given to terminate the parental rights of the natural parents," Green was questioned about permanent placement of A.M. in Green's home. (Id. at 5.) Green "would vacillate between a 'yes or no' answer[.]" (Id.) Plaintiff "informed all involved parties that if GREEN did not adopt A.M., than the Plaintiff would." (Id.)

In November of 2017, Green was notified that A.M's parents would lose their parental rights in January of 2018. (Id.) On December 11, 2017, Green informed defendant Marisol Reyes, a Social Worker, that Green "would not be the best person to adopt A.M." (Id.) Plaintiff informed Reyes that plaintiff wished to adopt A.M. (Id.) Plaintiff attended two courses and an orientation in an effort to adopt A.M. (Id. at 6.) Around this time, plaintiff was "informed that A.M. would be removed from the home, effective December 29, 2017." (Id.) Plaintiff was informed that "Plaintiff 'did not have any rights' in that she was not the foster parent of record." (Id.)

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

On March 14, 2018, plaintiff and Green were granted a hearing "to determine if a prima facie case existed to overturn the decision of DHSS." (Id. at 7.) "Plaintiff was informed that she could not offer testimony or evidence because she was not a recognized 'party to the action.'" (Id.) At the conclusion of the hearing, the judge found that Green did not present sufficient evidence "to support a prima facie case to return A.M." to the home. (Id.) "Plaintiff submitted a timely-filed appeal to the Court of Appeal Third Appellate District, Case No. C087006, which was dismissed" because plaintiff had "no legally cognizable interest in the placement of the minor or in the juvenile court's ruling on" Green's request. (Id.) "Plaintiff timely-petitioned the [California] Supreme Court under Case No. S253479, who in an en banc proceeding, denied the Plaintiff's petition."[2] (Id.)

Based on these allegations, the amended complaint asserts a claim for injunctive relief pursuant to 5 U.S.C. § 702. (Am. Compl. (ECF No. 5) at 9.) § 702 provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." However, "'agency' means each authority of the Government of the United States." 5 U.S.C. § 701(b)(1). The Government of the United States was not involved in the removal, or review of the removal, of A.M.

The amended complaint also alleges that plaintiff's right to "due process" was violated by the conclusion that plaintiff was "not legally recognized as an aggrieved party[.]" (Am. Compl. (ECF No. 5) at 10.) "Government officials are required to obtain prior judicial authorization before intruding on a parent's custody of her child unless they possess information at the time of the seizure that establishes 'reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury.'" Mabe v. San Bernardino County, Dept. of Public Social Services, 237 F.3d 1101, 1106-07 (9th Cir. 2001) (quoting Wallis v. Spencer, 202 F.3d 1126, 1138 (9th Cir. 2000)).

////

---

[2] Plaintiff has attached to the amended complaint copies of the orders issued by the California Court of Appeal and the California Supreme Court. (Am. Compl. (ECF No. 5) at 47-48, 51.)

In this regard, "[t]he Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies." Mabe, 237 F.3d at 1107. While the "right secured by the Fourteenth Amendment 'is not reserved for parents with full legal and physical custody' . . . . a person with only potential parental rights enjoys a liberty interest in the companionship, care, and custody of his children that is 'unambiguously lesser in magnitude.'" Kirkpatrick v. County of Washoe, 843 F.3d 784, 789 (9th Cir. 2016) (quoting James v. Rowlands, 606 F.3d 646, 651 (9th Cir. 2010)).

Here, the amended complaint acknowledges that plaintiff was neither A.M.'s biological parent nor A.M.'s foster parent. Instead, it was plaintiff's mother, Green, who was A.M.'s foster parent. A.M. was removed from Green's home after Green stated "she would not be the best person to adopt A.M." (Am. Compl. (ECF No. 5) at 5.) Green was afforded a hearing before a judge to challenge this decision. (Id. at 7.) The judge found that Green did not present sufficient evidence to return A.M. to Green's home. (Id.) Plaintiff and Green "signed and filed" a "single notice of appeal," but Green "subsequently dismissed her appeal" of that decision. (Id. at 48.)

The amended complaint asserts that plaintiff's "relationship with A.M. is legally defined and recognized" by the "Resource Family Approval Handbook" which defines "nonrelative family members . . . as defined in Welfare and Institution Code section 362.7." (Am. Compl. (ECF No. 5) at 10.) "State law can create a right that the Due Process Clause will protect only if the state law contains '(1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met.'" James, 606 F.3d at 656 (quoting Bonin v. Calderon, 59 F.3d 815, 842 (9th Cir. 1995)).

§ 362.7, however, simply provides that

> When the home of a nonrelative extended family member is being considered for placement of a child, the home shall be evaluated, and approval of that home shall be granted or denied, pursuant to the same standards set forth in the regulations for the licensing of foster family homes that prescribe standards of safety and sanitation for the physical plant and standards for basic personal care, supervision, and services provided by the caregiver.

////

5

> A "nonrelative extended family member" is defined as an adult caregiver who has an established familial relationship with a relative of the child, as defined in paragraph (2) of subdivision (c) of Section 361.3, or a familial or mentoring relationship with the child. The county welfare department shall verify the existence of a relationship through interviews with the parent and child or with one or more third parties. The parties may include relatives of the child, teachers, medical professionals, clergy, neighbors, and family friends.

In this regard, even if plaintiff were a nonrelative extended family member pursuant to § 362.7, that statute requires only that plaintiff's home be considered for placement under the same standard applied to foster family homes. The statute does not confer upon plaintiff a protected liberty interest. Moreover, even assuming, *arguendo*, that plaintiff were A.M.'s foster parent, California law does "not create a protected liberty interest in the continued custody of a foster child." Huk v. County of Santa Barbara, 650 Fed. Appx. 365, 367 (9th Cir. 2016); see also Mullins v. State of Or., 57 F.3d 789, 794 (9th Cir. 1995) ("whatever claim a prospective adoptive parent may have to a child, we are certain that it does not rise to the level of a fundamental liberty interest").

**III.    Leave to Amend**

For the reasons stated above, plaintiff's amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the defects noted above, the undersigned finds that granting plaintiff further leave to amend would be futile.

////

////

////

////

6

# CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's September 5, 2019 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's May 21, 2020 amended complaint (ECF No. 5) be dismissed without further leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 2, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/wilson1754.dism.f&rs

7